### NESBIT v. MATHEWS.

*(City Court of New York, General Term. November 16, 1891.)*

1. CITY COURT OF NEW YORK—JURISDICTION—ACTION TO CREATE TRUST.
   An action to recover money had and received for the benefit of plaintiff, arising from the proceeds of sale of real estate held by defendant for the benefit of plaintiff and another, is not an action to create a trust, the effect of which would be to deprive the city court of New York of jurisdiction of the case.

2. APPEAL—WAIVER OF OBJECTIONS—MODE OF TRIAL.

Where both parties request the court to make a direction to the jury, and defendant fails to request the submission of the questions of fact to the jury, he thereby waives all objections to the mode of trial, and must stand on the exceptions taken.

Appeal from trial term.

Action by John A. Nesbit against Elizabeth A. Mathews. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before VAN WYCK and NEWBURGHER, JJ.

*Martin J. Keogh,* for appellant. *Guggenheimer & Untermeyer,* for respondent.

NEWBURGHER, J. This action was brought to recover the sum of $191.38 for money had and received by defendant for the benefit of plaintiff. It appears that the defendant held title to certain real estate in the city of New York for the benefit of the plaintiff and his brother. The property was sold, and, after satisfying liens, there remained in the hands of the defendant the sum of $382.77, one-half of which belonged to plaintiff, and for which sum this action was brought. On the trial of the action, defendant moved to dismiss the complaint, claiming that the action was one to create a trust, and that this court, therefore, had no jurisdiction. This motion was denied, and exception taken. The trial justice properly denied the motion. The evidence clearly shows that the defendant received the moneys for the benefit of the plaintiff, and this action was properly brought. At the close of the case both parties moved for a direction, which resulted in the court directing a verdict for the plaintiff, to which no exception was taken by defendant. It has uniformly been held in this court that where both parties request the court to make a direction, and defendant fails to request the submission of the questions of fact to the jury, he thereby waives all objections to the mode of trial, and must stand upon the exceptions taken. A careful inspection of the printed case fails to disclose any exceptions showing error on the part of the trial justice. Judgment must be affirmed, with costs.